No. 709

MANCHESTER v. ADELE REALTY CO., et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7354.   Decided June 6, 1927.

708. **LEASES**—Where lease is assigned in violation of its terms, assignee, who takes possession of property and collects rents, becomes liable, under terms of lease, for taxes and rent.

Appeal from Common Pleas.

Decree for Plaintiff.

**First Publication of this Opinion.**

VICKERY, J.

Manchester brought an action to cancel a lease and to recover possession of property that he had leased for 99 years to The Adele Realty Company and to recover rents and profits and for taxes that were unpaid by The Adele Realty Company or those who are in possession under and by virtue of an assignment, namely S. C. Friedlander and Moses Helper.

It is admitted that, so far as the prayer for cancellation and recovery of the property is concerned, Manchester is entitled to recover.

It is admitted that the terms of the lease by the lessee had not been complied with and there had been a forfeiture, but it is claimed that Friedlander and Helper are not liable for a money judgment.

It seems that the corporation, The Adele Realty Company, was owned and controlled by Louis Feldman, Max Feldman, Manuel Biskind and A. S. Kletzkin.

The lease contained a provision that it should not be subletted or assigned until there was a building erected, as described in the lease itself, without obtaining the consent of the lessor Manchester. Notwithstanding this, the Feldmans sold out their interest in this lease to Friedlander and Helper. Friedlander and Helper paid some $2,500 for this interest and an assignment was written, but the assignee in said assignment was left blank for the reason that it was the purpose and intention of these people, the Feldmans having divested themselves of all interests, as much as they might, to form a corporation, and it was intended to have this whole thing signed over to the corporation. The corporation was probably never organized, but these four men took possession of this property and assumed to carry out the terms of the lease, sublet a part of the building to different tenants and collected the rents for some period of time. When there was a failure to swing this proposition, they sought to deny any liability and set up, as a reason, that Manchester had never consented to this assignment and that therefore there had been no **assignment.**

It is true that Manchester might hold the original parties to this lease who formed The Adele Realty Company, that is, he could hold The Adele Realty Company; but does it follow necessarily from that, that Friedlander and Helper would not likewise be liable? Is it not possible for persons to come in and become liable to the lessor without in any way releasing the former lessee? There is an abundance of authority to this effect. If there had been a novation, if these new parties were substituted for the old with the consent of the lessor, a different question might arise. There is nothing of that character in this record. The Adele Realty Company is undoubtedly liable. It is not seemly for these men who took possession of that property and collected the rents, to say that they took only the benefits of the lease without making themselves liable for the damages or detriments of the same.

One of the covenants of this lease was to pay taxes and another to pay the rents. Whoever took this lease, took it with the covenants running with the lease and they became liable on the covenants as much as they would have if they had been the original parties named

in the lease, and to say they did not owe would be a repudiation of this covenant to Manchester who did not seek to forfeit the lease on this ground. He allowed these men to take possession for a long time and all this time they collected the rents and occupied the premises. They went in as tenants under this lease and it does not become them, at this late day, to say that they are not responsible.

We think there should be a judgment for all the rent and taxes entered against all of these four men and The Adele Realty Company likewise, so there may be a decree for plaintiff.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—White, Cannon & Spieth for Manchester; Mooney, Hahn, Loeser & Keough and Louis Feldman and Max Feldman for Realty Co.; all of Cleveland.